[Civ. No. 8952. Second Appellate District, Division One.—April 13, 1933.]

W. JAY SAYLOR, LTD. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George W. Manierre and Frank A. Pettibone for Petitioner.

Everett W. Mattoon, County Counsel, Beach Vasey, Deputy County Counsel, Loyd Wright and Charles E. Millikan for Respondents.

CONREY, P. J.— An appeal from a judgment or order directing the payment of money does not stay execution of the judgment or order unless a written undertaking be executed as required by section 942 of the Code of Civil Procedure. By section 954 of the Code of Civil Procedure it is further provided that "when it is made to appear to the satisfaction of the court or a judge thereof, from which the appeal was taken, that a surety or sureties upon an appeal bond from any cause has or have become insufficient, and the bond or undertaking inadequate as security for the payment of the judgment appealed from", the court may order the giving of a new bond, etc. An appeal may be taken from a superior court, from a final judgment in an action, and from various orders specified in section 963 of the Code of Civil Procedure, including "any special order made after final judgment". It is further provided by section 949 of the Code of Civil Procedure that in cases not provided for in sections 942, 943, 944 and 945, the perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from; subject to certain discretionary powers and exceptional conditions which are without application to the present proceeding.

█ The petitioner herein was plaintiff in an action in the superior court against one Farmer. A money judgment was entered in favor of the plaintiff. The defendant appealed therefrom and caused to be filed an undertaking to stay execution of the judgment. A corporation known as Benjamin Franklin Bond & Indemnity Corporation was sole surety on the undertaking. Thereafter such proceedings were had that the superior court found and determined that the surety had become insufficient, whereupon it was ordered that the defendant be required to file a new undertaking. From this order the defendant gave notice of appeal without filing any further stay bond. Thereupon the superior court made an *ex parte* order that execution "upon the aforesaid order and judgment is hereby stayed", and the execution which the clerk had issued upon the judgment was recalled. Pursuant to notice duly given, the plaintiff made the appropriate motion for an order for the issuance of a new execution unless the defendant should forthwith file a new stay bond. This motion was denied, and the clerk also has refused to issue the demanded execution.

The foregoing facts as shown by the petition for writ of mandate are not denied. There is thus presented the question whether or not, upon the facts thus shown, petitioner is entitled to the writ of mandate commanding the issuance of an execution to enforce the judgment.

The argument in support of the position taken by respondents herein rests upon the assumption that enforcement of the judgment against defendant in the action would be a proceeding upon the order which is the subject of the second appeal. If this contention of respondent be sustained, it will follow that whenever the surety upon an appeal bond is found to be insolvent, an appellant may nevertheless perpetuate the stay pending appeal from the judgment merely by appealing from any order requiring a new bond. Under such an interpretation of the law, he could obtain the benefits of a stay by means of a worthless bond, simply by giving a notice of appeal from the order requiring him to give a better one. We think that this was neither the purpose nor the effect of the statute. The execution when issued will be a step in the enforcement of the judgment. It will not be a proceeding upon the order, although possibly the validity of the execution and of the

proceedings thereunder might be affected by the result of the appeal from the order. The plaintiff has the right to take that chance. We therefore are of the opinion that, notwithstanding the fact that there is an appeal from the order, the plaintiff is entitled to the demanded execution for enforcement of the judgment.

Let the peremptory writ issue.

Houser, J., and York, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 12, 1933.